# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **FIDELITY INSURANCE COMPANY,** *et al.*, | ) ) ) | |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **Case No. 4:03cv1521 SNL** |
| **EXPRESS SCRIPTS, INC.** *et al.,* | ) ) ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Compel Discovery (#125), filed May 2, 2005. Defendant requests that plaintiff produce additional discovery materials on a diverse range of issues. Plaintiff objects to the various discovery requests on grounds of privilege, confidentiality agreements, relevance, and a violation of Local Rule 3.04(A). This motion is granted in part, and denied in part.

Defendant's Fifth Set of Requests for Production ("RFP") demanded documents relating to UnitedHealthcare's acquisition of Fidelity.[1] Defendant failed to show why this request is relevant to their cause of action. Plaintiff provided documents detailing the stock ownership of

---

[1]Defendant's Fifth Set of RFP's requested:

1. All documents that relate to the purchase of Fidelity by UnitedHealthcare, UnitedHeath Group, Inc., and/or any UnitedHealthcare affiliates, subsidiaries or related entities (collectively referred to as "UnitedHealthcare") on or about May 11, 2004. This includes, but is not limited to, the Purchase Agreement between Fidelity and UnitedHealthcare and other related documents relating to the above-referenced transaction.

4. All documents that relate to whether UnitedHealthcare agreed to assume the debts and liabilities of Fidelity as a condition to purchasing Fidelity. This includes, but is not limited to, documents concerning the terms of the Purchase Agreement regarding the same.

1

former Fidelity shareholders. In addition, plaintiff stipulated to the financial interest of its witnesses. Therefore this request is cumulative on the issue of bias. The documents are irrelevant to the existence of a fiduciary relationship between the parties. Plaintiff is not required to produce the information in Requests No. 1 and 4 of defendant's Fifth Set of RFP's.

The second discovery dispute surrounds defendant's request for documents and correspondence about the negotiation of the Prescription Benefit Maintenance ("PBM") agreement with Caremark. Defendant has demonstrated the relevancy of some these documents. According to the Second Amended Complaint, defendant harmed plaintiff by falsely purporting to be licensed to provide utilization review services in Maryland and improperly using First DataBank for its Average Wholesale Price determinations. Thus, it is relevant that plaintiff subsequently entered into a PBM agreement with another company that was not licensed in Maryland and used First DataBank for its calculations. But the requests in the Third Set of RFP's (No. 1) and Fourth Set of RFP's (No. 4) are overly broad.[2] It would be unduly burdensome to require plaintiff's compliance. The information set forth in defendant's Eighth Set of RFP's (No.

---

[2]Defendant's Third Set of RFP's requested:

1.   Since April 1, 1998, all contracts entered into between Plaintiff and anyone other than ESI that relate to pharmacy benefit management services.

Defendant's Fourth Set of RFP's requested:

4.   From January 1, 1995 to the present, any and all documents sent by and/or received by Fidelity that relate to proposals, bids, quotations, responses to a request for proposal, responses to reverse auction, presentation, and/or other documents relating to the provision of pharmacy benefit management services to Fidelity that were submitted and/or provided to Fidelity and/or anyone acting on its behalf by any pharmacy benefit manager or other entity seeking to provide pharmacy benefit management services to Fidelity.

2-4) is necessary for a proper defense.[3]  Plaintiff must furnish these documents.[4]  Plaintiff may

redact the documents as is necessary to protect any competitor-sensitive pricing-data and

proprietary information.  In addition, the documents may be marked "Highly Confidential -

Outside Attorney's Eyes Only" to protect Caremark's interests.

Defendant also requests certain documents that were marked privileged by plaintiff.[5]  The

first document is FP 003270-003277, dated 12/4/02, "Email re: Morgan Enterprises Contract."

This email was partially authored by David Morgan, a consulting expert hired in anticipation of

litigation, and concerns the scope of Morgan's duties.  The second set of documents involves

Morgan's critique of two audits.  Discovery can only be obtained from an expert retained in

---

[3]Defendant's Eighth Set of RFP's requested:

2.    All documents reflecting any communication between FIC and/or FBA on the one hand
      and Caremark, Inc. (or anyone acting on its behalf) on the other hand, concerning the
      negotiation of the Prescription Benefit Management Agreement, dated March 1, 2003, or
      any related agreements or addendum.

3     All documents reflecting any internal communication between current and former
      employees of FIC and/or FBA concerning the negotiation of the Prescription Benefit
      Management Agreement, dated March 1, 2003 [with Caremark], or any related
      agreements or addendum.

4.    All documents reflecting any communication between FIC and/or FBA on the one hand
      and Caremark, Inc. (on anyone acting on its behalf) on the other hand, concerning any
      dispute between the parties (including, but not limited to, potential audits and/or potential
      litigation by FIC and/or FBA against Caremark, Inc.) relating to the Prescription Benefit
      Management Agreement, dated March 1, 2003, or any related agreements or addendum.

[4]The Court recognizes the partially cumulative nature of this request due to Caremark's
disclosure.  But the Court sympathizes with defendant's need for the plaintiff's own version of
these documents, including plaintiff's internal communications on the matters at issue.

[5]Defendant requests:
1.    Email and attachment dated 12/4/02, titled Morgan Enterprises Contract;
2.    Documents relating to David Morgan's, plaintiff's consulting expert, critique of two
      audits; and
3.    Documents relating to David Morgan's review of the Caremark PBM agreement.

anticipation of litigation, who has not been designated as a witness, "upon a showing of exceptional circumstances." Fed. R. Civ P. 26(b)(4). In a letter dated February 4, 2005 (Plaintiff's Exhibit O), defendant recognized this limitation and agreed to "not seek the production of documents implicating Mr. Morgan's work in anticipation of litigation ... until such time when Fidelity discloses Mr. Morgan as a testifying expert." The Court will hold defendant to its word. The final privileged documents at issue are the product of three hours of work, in which Morgan reviewed a draft of the Caremark PBM contract. This work was unrelated to the present litigation and therefore is not covered by 26(b)(4). As in the other Caremark documents, plaintiff will comply with this request. Plaintiff may redact the documents as is necessary to protect any competitor-sensitive pricing-data and proprietary information. In addition, the documents may be marked "Highly Confidential - Outside Attorney's Eyes Only" to protect Caremark's interests.

The final discovery dispute surrounds the hard drives of several Fidelity employees. There is no dispute as to whether the documents are subject to discovery, only whether there are additional documents to produce in the matter. If plaintiff has hard drive files in its possession from Thomas Knox, Mitch Diamond, John Moseman, Pam Lee, Pam Saunders, Ken Mayes, Terry Legge or Daniel Koziol that it has yet to provide to defendant, plaintiff must produce these documents. If, as plaintiff states, this is a misunderstanding brought on by defendant's failure to follow Local Rule 3.04(A), the Court requests that defendant take more heed of our rules. Play nicely amongst yourselves before wasting the Court's time.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Compel Discovery in regards to Production Request No. 1 and 4 in Defendant's Fifth Set of Requests for Production is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to Production Request No. 1 in Defendant's Third Set of Requests for Production is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to Production Request No. 4 in Defendant's Third Set of Requests for Production is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to Production Request No. 2, 3, and 4 in Defendant's Eighth Set of Requests for Production is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to the email and attachment dated 12/4/02 is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to David Morgan's audit reports is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Compel Discovery in regards to David Morgan's three hour review of the Caremark PBM agreement is **GRANTED**.

**IT IS FINALLY ORDERED** that defendant's Motion to Compel Discovery in regards to the hard drive documents, to the extent that these documents have yet to be produced, is **GRANTED**.

Dated this 3rd day of October, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE