UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **FIDELITY INSURANCE COMPANY, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | Case No. 4:03-CV-1521 SNL |
| ) | |
| **EXPRESS SCRIPTS, INC., et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court in accordance with the Court's Order (Doc. #181), directing Defendants *to pay one-half the reasonable attorneys' fees, audit fees, and costs incurred by Plaintiffs (i) in reviewing the August 16, 2004, January 31, 2005, February 16, 2005, and June 15, 2005 data sets; and (ii) in obtaining a complete data set from March 2001 to March 2003.*[FN1] Upon review of Plaintiffs' submitted time and cost worksheets (Doc. #298, filed *under seal* May 29, 2008), the Court shall direct Defendants to pay One Hundred Forty-Six Thousand, Five Hundred Sixty-Three Dollars and sixty-two cents ($146,563.62) in attorneys' fees and related costs-- the analysis set forth herein.

---

**FN1**. As an initial note, while certainly it is not customary for one party to pay the opposing party's costs of conducting discovery; and while the Court acknowledges that many of the fees and costs reported by Plaintiffs would have been necessary, regardless of Defendants' inadequacies; relief was granted so as to mitigate Plaintiffs' duplicative and/or unnecessary costs related to the improper data sets, and to penalize Defendants for their improper and/or delinquent production attempts.

## I. FEES AND COSTS

Almost two years ago, this Court awarded one-half of Plaintiffs' fees and costs to mitigate the damage caused by Defendants' repeated failure to timely produce a proper data set relating to the period from March 2001 to March 2003. In so ruling, the Court identified that Defendants agreed to produce the data set on **April 8, 2004**, and that Plaintiffs received a complete and usable set on **June 23, 2005**. This Court will now award such fees and costs which relate to obtaining and reviewing the improper data, *limited to the foregoing time frame*.

### A. **Attorneys' Fees**

In awarding Plaintiffs' attorneys' fees, the Court should consider the rates customarily charged by the attorneys involved, and by other attorneys in the community for similar services. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). This initial estimate, also known as the "lodestar" amount, represents the value of legal services and may be adjusted upward or downward depending upon a variety of other factors.[FN2]

In support of what they purport to be customary rates, Plaintiffs offer the declaration of a local attorney who opines that prevailing, reasonable rates are as follows: One Hundred Dollars ($100.00) per hour for paralegals; Two Hundred Fifty Dollars ($250.00) per hour for associates; and Five Hundred Twenty-Five Dollars ($525.00) per hour for partners. Even assuming this to be true; the Court finds such amounts excessive in light of the tasks involved, and in the absence of any evidence demonstrating the counsels'/staff's respective experience and/or other qualifications. *See Hensley*, 461 U.S. at 433 ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed."). Accordingly, the Court shall reduce the requested associate rates to Two Hundred Dollars ($200.00) per hour, and the partner rates to Three Hundred Dollars ($300.00) per hour.

---

**FN2**. The factors to be considered, first promulgated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), include (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation and ability of the attorney(s); (10) The undesirability of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases. *Id.* at 717-19.

In light of the foregoing, and upon review of the hours submitted (corresponding to the relevant time period), the Court shall order Defendants to pay One Hundred Twelve Thousand, Three Hundred Twenty-Seven Dollars and fifty cents ($112,327.50) in attorneys' fees.[FN3]

**B. Fees and Costs**

Next, Plaintiffs seek certain amounts-- relating to consultants, depositions, and/or travel-- expended during discovery. The Court shall award the requested amount, limited to the foregoing time period, and short the amounts described as "summary of travel expenses" (Doc. #298, DiNicola Dec. at ¶7) in that such amounts are not sufficiently described and/or corroborated. Accordingly, the Court shall award Thirty-Four Thousand, Two Hundred Thirty-Six Dollars and twelve cents ($34,236.12) in related fees and costs.

**I**n accordance with the above findings,

**IT IS HEREBY ORDERED** that Defendants shall pay to Plaintiffs an amount **One Hundred Forty-Six Thousand, Five Hundred Sixty-Three Dollars and sixty-two cents ($146,563.62)**.

**IT IS SO ORDERED**.

**D**ated this 9th day of June, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**

---

**FN3**. This amount takes into account one hundred eighty-two and eleven-twentieths (182.55) hours expended by paralegal(s); two hundred sixty-nine and one-tenth (269.1) hours expended by associates; and five hundred eight and three-fifths (508.6) hours expended by partners.